# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRANK HARRIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA & CENLAR FSB,<br><br>　　　　　　　　　　Defendants. | CASE NO. 18cv0001-GPC(AGS)<br><br>**ORDER GRANTING DEFENDANT CENLAR FSB'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Dkt. No. 3.] |

On January 2, 2018, Plaintiff Robert Frank Harris ("Plaintiff"), proceeding *pro se*, filed a Complaint against Defendants United States of America and Cenlar FSB ("Cenlar" or "Defendant"). (Dkt. No. 1.) Defendant Cenlar filed a motion to dismiss. (Dkt. No. 3.) No opposition has been filed by Plaintiff. For the following reasons, the Court GRANTS Defendant's motion to dismiss with leave to amend.

## Background

On November 20, 2017, Plaintiff filed a Complaint in this Court in case number 17cv2347-GPC(AGS) along with an amended motion to proceed *in forma pauperis*. (See Case No. 17cv2347-GPC(AGS), Dkt. Nos. 1, 4.) On December 14, 2017, the Court granted Plaintiff's amended motion to proceed *in forma pauperis* and *sua sponte* dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (Id., Dkt. No. 7.) The Court explained that Plaintiff presented a grievance against Defendants but did not allege any cause of action for relief and

dismissed Plaintiff's complaint without prejudice. (Id. at 3.)

On January 2, 2018, Plaintiff filed the instant complaint, with almost identical facts, and paid the filing fee. The Complaint alleges that Plaintiff entered into a $555,000 mortgage loan on November 2, 2015 with Cornerstone Home Lending and Defendant Cenlar FSB is the loan servicer while the U.S. Department of Veterans Affairs is the federal guarantor. (Dkt. No. 1 at 2.) On September 28, 2016 and April 16, 2017, Plaintiff submitted Formal Loan Modification Requests to Cenlar. (Id.) According to Plaintiff, both requests were ignored and Defendant proceeded to pursue foreclosure proceedings which violate his due process rights and constitute impermissible "dual tracking" under the California Homeowners Bill of Rights ("HBOR"). (Id.) As a result, his home is subject to an illegal foreclosure on January 3, 2018 which will result in his homelessness and a deficiency balance of $138,500. (Id.) He also alleges the U.S. Department of Veterans Affairs conspired with Cenlar to deny him his rights under HBOR and encouraged the illegal dual tracking. (Id.)

**Discussion**

**A. Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

Here, because Plaintiff is proceeding *pro se*, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviewing *pro se* complaints post-Twombly).

**B.     Analysis**

In the Complaint, Plaintiff generally alleges a violation of the "dual tracking" bar under the California Homeowner's Bill of Rights Act. Defendant relies on the Court's prior order dismissing the complaint for failing to allege a cause of action.[1]

---

[1] Defendant filed a request for judicial notice of all the documents in case no. 17cv2347-GPC(AGS). (Dkt. No. 3-2.) The Court GRANTS Defendant's request for judicial notice as it may take judicial notice of its own judicial records. See Hunt v. Check Recovery Sys. Inc., 478 F. Supp. 2d 1157, 1160–61 (N.D. Cal. 2007) ("Judicial

The HBOR is a "state law designed to both provide protections for homeowners facing [non-judicial] foreclosure and reform aspects of the foreclosure process." Shapiro v. Sage Point Lender Servs., No. 14–1591, 2014 WL 5419721, at *4 (C.D. Cal. Oct. 24, 2014) (citing Cal. Civ. Code § 2923.4(a)). HBOR "attempts to eliminate the practice, commonly known as dual tracking, whereby financial institutions continue to pursue foreclosure even while evaluating a borrower's loan modification application." Rockridge Trust v. Wells Fargo, N.A., 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013); Cal. Civil Code § 2823.6(c) (2017); Jolley v. Chase Home Finance, LLC, 213 Cal. App. 4th 872, 904 (2013) ("Mortgage lenders call it 'dual tracking,' but for homeowners struggling to avoid foreclosure, it might go by another name: the double-cross."). Under HBOR, when a borrower's complete application for a first lien loan modification is pending, the servicer may not record a notice of default, notice of trustee's sale, or conduct a trustee's sale. See Cal. Civ. Code § 2923.6(c).[2]

Here, Plaintiff provides summary allegations but alleges no facts to support a violation of the dual tracking prohibition in HBOR such as if and when Cenlar recorded a notice of default. See Willis v. JPMorgan Chase Bank, N.A., 250 F. Supp. 3d 628, 632 (E.D. Cal. 2017) (granting motion to dismiss because the plaintiff did not allege that the defendant recorded a notice of default or sale, a condition that triggers a cause of action of dual tracking); Clinton v. Select Portfolio Servicing, Inc., 225 F. Supp. 3d 1168, 1176 (E.D. Cal. 2016) (denying motion to dismiss as the plaintiff alleged that the notice of default was recorded after a complete loan modification application was submitted). Therefore, Plaintiff has failed to state a claim alleging a violation of the "dual tracking" bar under HBOR.

---

notice may be taken of 'adjudicative facts' such as court records, pleadings.").

[2] When this case was filed on January 2, 2018, section 2923.6(c) was repealed as of January 1, 2018. However, the dual tracking provision under California Civil Code section 2923.6 was amended and re-numbered to California Civil Code section 2924.11 (2018). See Stats. 2012, ch. 87 (S.B. 900), § 15, eff. Jan. 1, 2018.)

Moreover, Plaintiff summarily asserts a due process violation without factual support or a legal basis as it pertains to Cenlar, a private entity. See Geneva Towers Tenants Org. v. Fed. Mortg. Investors, 504 F.2d 483, 487 (9th Cir. 1974) ("The Due Process Clause of the Fifth Amendment applies to and restricts only the federal government and not private persons . . . the standards utilized to find federal action for purposes of the Fifth Amendment are identical to those employed to detect state action subject to the strictures of the Fourteenth Amendment.").

Because the deficiencies alleged in the complaint can be cured, the Court concludes that leave to amend would not be futile. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401. Accordingly, the Court GRANTS Defendant's motion to dismiss with leave to amend.

**Conclusion**

Based on the above, the Court GRANTS Defendant's motion to dismiss with leave to amend. Plaintiff may file an amended complaint to fix the deficiencies in the complaint on or before **April 9, 2018.** If Plaintiff fails to comply with the Court's direction, the complaint shall remain dismissed. The hearing date set for March 29, 2018 shall be **vacated**.

IT IS SO ORDERED.

DATED: March 21, 2018

HON. GONZALO P. CURIEL
United States District Judge